UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LORETTA BURTON,                    :
     Plaintiff               :
                             :
     v.                      :  CIVIL NO. 1:12-CV-1740
                             :
                             :
OZBURN HESSEY LOGISTICS,           :
     Defendant               :
                             :

*M E M O R A N D U M*

I.        *Introduction*

After being fired from her job as a material handler with Ozburn Hessey

Logistics ("OHL") in January 2012, Loretta Burton initiated this pro se action against her

former employer claiming that her termination was the result of race and age

discrimination. Following the completion of discovery, OHL filed the instant motion for

summary judgment (Doc. 40) on the grounds that Burton failed to adduce facts sufficient

to establish a prima facie case of discrimination or refute OHL's legitimate, non-

discriminatory justification for her termination: her record of poor job performance and

attendance. Because we agree with OHL on both fronts, we will grant the motion and

enter summary judgment against Burton.

II.       *Background*

The following facts are undisputed.[1]

_____

     [1] OHL's motion for summary judgment is properly supported by a statement of
material facts (Doc. 41-1) that cites to evidence of record–namely, Burton's deposition
transcript and various business records–to establish the facts of this case. Burton

On May 13, 2008, Burton was hired as a material handler for OHL in Chambersburg, Pennsylvania. (Doc. 41-1 at ¶ 1). Over the next three-and-one-half years, she was repeatedly cited for poor job performance, receiving four verbal and three written warnings for separate performance issues. (*Id.* at ¶¶ 3-9). During a November 23, 2011 meeting with her supervisor and human resources personnel, she received a "final warning" and suspension. (*Id.* at ¶¶ 10-11).

At the conclusion of the meeting, Burton fainted and fell face-first to the floor. She was transported by emergency responders to Chambersburg Hospital and was treated for her injuries. (*Id.* at ¶¶ 12-13). Burton subsequently submitted documentation from her treating physicians excusing her from work through December 13, 2011. (*Id.* at ¶¶ 17-18). After Burton failed to return to work on that date, a human resources officer informed her that continued absences would be treated as unexcused under OHL's attendance policy if she did not return to work or provide a physician's excuse for

---

failed to file a responsive statement of facts, as required by Local Rule 56.1, or cite to record evidence contradicting OHL's account of events. Instead, she offers her own conclusory assertions in her opposition brief in an effort create a genuine factual dispute and survive summary judgment. This attempt is legally deficient. *See Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (stating that "the non-moving party must rebut [a motion for summary judgment] with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument"). Accordingly, we will deem OHL's facts to be undisputed for summary judgment purposes. *See* Fed. R. Civ. P. 56(e)(2) (permitting the court to treat facts as undisputed where a party has failed to properly address another party's assertions of fact); *JPMorgan Chase Bank, N.A. v. Keyser*, No. 1:12-CV-348, 2013 U.S. Dist. LEXIS 148327, *5-7 (M.D. Pa. Oct. 15, 2013) (deeming admitted all material facts set forth in the movant's statement of facts where, as here, the nonmovant failed to identify record evidence to controvert those facts).

continued leave. (*Id.* at ¶¶ 23, 27-29). Burton did neither, and OHL terminated her employment on January 6, 2012. (*Id.* at ¶ 30).

Burton subsequently filed suit in this court, alleging that OHL terminated her employment because of her race (African American) and age (54 years) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. After the close of discovery, OHL filed a motion for summary judgment. (Doc. 40). The matter has been fully briefed (Docs. 41, 42), and it is ripe for disposition.

III.      *Standard of Review*

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 667 F.3d 408, 412 (3d Cir. 2012) (citing *Anderson*, 477 U.S. at 248).

IV.      *Discussion*

OHL asserts that it is entitled to summary judgment because Burton has failed to identify record evidence sufficient to either: (1) establish the elements of her

prima facie case of age and race discrimination; or (2) refute OHL's legitimate, non-discriminatory justification for her termination. We agree.

> A.      Burton's Failure to Establish Prima Facie Case

In order to survive summary judgment, a plaintiff must present evidence that is "sufficient to convince a reasonable factfinder to find *all of the elements* of [the] prima facie case." *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001) (emphasis added, citation and internal quotation marks omitted). If a plaintiff fails to raise a genuine dispute of material fact as to *any* of the elements of the prima facie case, she has not met her initial burden, and summary judgment is properly granted for the defendant. *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (citation omitted). Here, summary judgment is appropriate because Burton has failed to identify record evidence to establish all of the elements of her age and race discrimination claims.

To establish a prima facie case of age discrimination under the ADEA, Burton must make a showing that: (1) she is forty years of age or older; (2) OHL took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *Burton*, 707 F.3d at 426 (citing *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009)). The record currently before the court contains evidence regarding the first three elements, but Burton has failed to muster evidence to establish the fourth. Burton has offered nothing apart from her own conclusory assertions in her opposition brief on this point. (*See, e.g.*, Doc. 42 at 5) ("I

were [sic] replaced with younger white females [sic] workers . . . ."). But standing alone, these assertions are not enough to withstand a motion for summary judgment. *See Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (stating that "the non-moving party must rebut [a motion for summary judgment] with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument").

Burton has similarly failed to present evidence on every element of her claim of race-based discrimination. To make a prima facie case of race discrimination under Title VII, Burton must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *Coleman v. Pa. State Police*, No. 13-3255, 2014 U.S. App. LEXIS 5237, *21-22 (3d Cir. Mar. 20, 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)). Again, Burton has offered nothing but her own conclusory assertions in support of the fourth element. (*See, e.g.*, Doc. 42 at 5) ("I were discipline [sic] differently and unfavorably by this Defendant and his team members, [sic] than any of these younger white females . . . ."). Her unsupported, subjective belief that she was terminated on the basis of race, however, is not enough. *Tucker v. Thomas Jefferson Univ.*, 484 F. App'x 710, 712 (3d Cir. 2012) (stating that plaintiff's "subjective belief that race played a part in his firing is insufficient" to support "an inference of discrimination based on race") (citations omitted).

Because Burton failed to establish a prima facie case of age or race discrimination, OHL is entitled to summary judgment on both claims.

B.    *Burton's Failure to Rebut OHL's Justification for Termination*

Even if we were to ignore Burton's failure to establish a prima facie case of discrimination, OHL would nevertheless be entitled to summary judgment because Burton has offered no evidence to refute OHL's proffered non-discriminatory justification for terminating her employment.

Under the familiar *McDonnell Douglas* burden shifting analysis, if a plaintiff makes out a prima facie case for discrimination, the burden shifts to the employer to offer a legitimate, non-discriminatory justification for the adverse employment action taken. *Burton*, 707 F.3d at 426 (citations omitted). If the employer offers evidence to support its justification, the burden of production shifts back to the plaintiff to provide evidence from which a factfinder could reasonably infer that the employer's proffered justification is merely a pretext for discrimination. *Id.* (citations omitted).

In this case, OHL has met its burden by proffering–and providing documentary evidence supporting–a non-discriminatory basis for terminating Burton: her repeated violations of the company's attendance policy and documented history of poor job performance. Burton, however, has failed to present evidence from which we could infer that OHL's proffered justification for her termination was merely pretext for discrimination. As discussed above, Burton's conclusory assertions that she was fired because of her age and race are legally insufficient. OHL, therefore, is entitled to

6

summary judgment because Burton failed to demonstrate that OHL's justification for her termination was merely pretext for discrimination.

V.          *Conclusion*

Burton failed to present evidence sufficient to: (1) establish a prima facie case of race or age discrimination; or (2) refute OHL's legitimate, non-discriminatory justification for her termination. Each failure is fatal to her suit; thus, we will grant OHL's motion for summary judgment. We will issue an appropriate order closing this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge